UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BASHAN TAYLOR,

                         Plaintiff,

    -against-                        9:06-CV-0292
                                          (LEK/GJD)

LEO BISCEGLIA, *et al.*,

                         Defendants.

## ORDER

Presently before the Court is a Motion to Dismiss filed by Defendants on May 12, 2008, seeking dismissal for Plaintiff's failure to prosecute. Dkt. No. 28.

## I.    Background

Plaintiff filed the Complaint in this action on March 7, 2006 and an Amended Complaint on February 26, 2007. Complaint (Dkt. No. 1); Am. Compl. (Dkt. No. 8). Since the Amended Complaint was served, Plaintiff has made no other appearance or other filing in the case. A scheduling order entered November 29, 2007 set a discovery deadline of May 30, 2008 and a non-dispositive motions deadline of January 30, 2008. Plaintiff was released from custody on January 31, 2008. McCartin Decl., Ex. A (Dkt. No. 28). Plaintiff has not provided the Court or the Defendants with a mailing address at which he can be reached. Mail sent to the Plaintiff's last known address has been returned as undeliverable. See Dkt. No. 30.

## II.    Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute, comply with an order of the court, or notify

the court of a change of address.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); MTV

Networks v. Lane, 998 F. Supp. 390, 393 (S.D.N.Y. 1998); see also N.D.N.Y.L.R. 41.2(b).

Additionally, Local Rule 10.1(b)(2) provides that all pro se litigants must immediately notify the

Court of any change of address.  "Failure to notify the Court of a change of address in accordance

with [Local Rule 10.1(b)(2)] may result in the dismissal of any pending action."  Warren v. Artus,

No. 05-CV-1032 (LEK/DEP), 2007 WL 1017112, at *2 (N.D.N.Y. Mar. 30, 2007) (quoting

N.D.N.Y.L.R. 41.2(b)).

> To determine whether dismissal for failure to prosecute is appropriate, courts should
> consider:

> 1) the duration of plaintiff's failures; 2) whether plaintiff had received notice that
> further delays would result in dismissal; 3) whether the defendant is likely to be
> prejudiced by further delay; 4) a balancing of the need to alleviate court calendar
> congestion with a party's right to due process; and 5) the efficacy of lesser sanctions.

See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872

(S.D.N.Y.1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).

> Taylor has failed to communicate with opposing counsel or the Court for the past sixteen

months.  It is unclear where Taylor is located and whether he has received in the last year any of the

correspondence sent to and from the Court, including the present Motion to dismiss.  The duration

of Taylor's failure is substantial and no end to the inaction appears in sight.  See N.D.N.Y.L.R.

41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of

lack of prosecution.").  Moreover, it is the obligation of a party, not the Court, to maintain a current

address to permit the orderly progression of a case.  See Fenza v. Conklin, 177 F.E.D. 126, 127

(N.D.N.Y. 1998) (Pooler, J.).  Taylor has failed in both regards.

In addition, in the March 29, 2007 Order of the Court, Petitioner was clearly warned that:

"**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.**" March 29 Order (Dkt. No. 9) at 5 (emphasis in original).

The prejudice to defendants from Taylor's continued failures results primarily from the need of their counsel to expend unnecessary time attempting to communicate with Taylor both formally and informally and researching and filing motions seeking resolution of the case. Defendants have also been unable to conduct discovery since they have been unable to depose Taylor.

The need to alleviate court calendar congestion is best evidenced here by the age of this case. This case, which is not unduly complex, has now been pending for almost two and a half years. The guideline for completion of cases in this district is eighteen months. See N.D.N.Y. Gen. Order 25 (directing the timely progression of civil actions); see also Civil Justice Reform Act of 1990, 28 U.S.C. § 471 et seq (mandating reduction in the delay and cost of civil cases). This action has thus been pending for an inordinate period of time solely as the result of Taylor's actions and inactions. Against this delay must be balanced Taylor's right to due process. However, Taylor's failure to maintain contact with opposing counsel or the Court has made impossible any recourse to permit Taylor to respond to Defendants' motion or otherwise proceed with the case. Thus, on balance and in these circumstances, the balance of these factors weighs strongly in favor of the need to alleviate court congestion.

Consideration of these factors, therefore, compels the conclusion that dismissal of the action affords the only reasonable method of addressing Taylor's ongoing failures to fulfill his obligations to notify the Court and counsel of his address and to continue to litigate the present case.

3

## III.    Conclusion

Therefore, based on the foregoing, it is hereby

**ORDERED**, that the Defendants' Motion to dismiss (Dkt. No. 28) is **GRANTED**; and it is

further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 8) is **DISMISSED in its**

**entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.


DATED:   September 15, 2008
         Albany, New York

Lawrence E. Kahn
U.S. District Judge